JAMES A. SIMMONDS, City Attorney, City of Wausau
Pursuant to sec. 19.98, Stats., you request my advice whether a board of review may meet in closed session in reliance upon the exemption provided in sec. 19.85 (1) (a), Stats., to deliberate, discuss or otherwise act with respect to a hearing conducted before such body.
It is my opinion that it cannot.
Section 19.85 (1) (a), Stats., provides that a governmental body, may, after proper notice or announcement and majority vote, convene in closed session for the purpose of:
 "(a) Deliberating after any judicial or quasi-judicial trial or hearing."
Boards of review do conduct hearings under provisions of sec.70.47 (8) and (10), Stats.
The new Open Meeting Law, secs. 19.81-19.98, Stats., became effective July 2, 1976. However, an exemption substantially similar to sec. 19.85 (1) (a), Stats, was contained in former sec. 66.77, Stats.
The legislature is presumed to have had knowledge of such exemption when it enacted ch. 151, Laws of 1975, effective January 17, 1976, which created sec. 70.47 (2m), Stats., to provide: *Page 163 
 "70.47 (2m) OPEN MEETINGS. All meetings of the board of review shall be publicly held and open to all citizens at all times. No formal action of any kind shall be introduced, deliberated upon or adopted at any closed session or meeting of a board of review."
Boards of review must comply with the more specific statute.
BCL:RJV